[No. 4283.  Decided August 8, 1902.]

THE STATE OF WASHINGTON, *Respondent*, v. J. F. NEWTON, *Appellant*.

CRIMINAL LAW — PRELIMINARY EXAMINATION — INSUFFICIENCY OF COMPLAINT. •

The fact that the complaint before a committing magistrate does not state facts sufficient to constitute a crime, with all

| 29 | 373 |
| 29 | 449 |
| 29 | 373 |
| f40 | 631 |
| 29 | 373 |
| 41 | 555 |

the particularity required in an indictment or information, would not render all the subsequent proceedings void, nor make illegal the custody of one committed after an examination upon such informal complaint, since the determination by the magistrate of the probable cause of the guilt of the accused is based upon the evidence.

FORGERY — INFORMATION — DUPLICITY.

An information which charges that defendant feloniously made, forged, and counterfeited a certain bank check, and then and there unlawfully uttered and published it as true, states but one continuous act with reference to the same instrument, and hence is not void for duplicity or on the ground of charging more than one crime.

CONTINUANCE — GROUNDS — ABSENCE OF WITNESSES.

The fact that the court compelled the accused in a criminal case to go to trial in the absence of some of his witnesses was not error, where no motion for a continuance was made pursuant to the requirements of Bal. Code, § 4977, which provides for continuance in such cases upon affidavit showing the materiality of the evidence, that due diligence has been used to procure it, and the name and residence of the witnesses.

EVIDENCE — ADMISSIBILITY OF ADMISSIONS WHILE IN CUSTODY.

The testimony of an officer as to admissions made by the accused after his arrest is not inadmissible, by reason of the officer's failure to state, in the language of the statute, that they were not made "under the influence of fear produced by threats," when the substance of the statute has been given in other terms.

INSTRUCTIONS — GOOD CHARACTER OF ACCUSED — COMMENT ON FACTS.

In an instruction to the effect that defendant's good character, if proven, was a circumstance to be considered by the jury with all the other facts in the case, a statement by the court that "it is not a convincing matter" was not prejudicial, as a comment on the facts, where it is evident from the charge as a whole that the court did not make such statement with reference to the facts of the case on trial, but meant to state generally that the good character of an accused was not of itself sufficient to preclude a verdict of guilty, if the jury believed from the evidence as a whole that he was guilty of the crime charged.

EXCESSIVE SENTENCE — DISCRETION OF COURT.

The fact that the court sentenced accused on a conviction of forgery of a fifteen-dollar check to imprisonment in the peni-

tentiary for two years and to pay a fine of one dollar and costs, did not amount to an abuse of discretion, although the jury recommended the accused to the mercy of the court, where the statute in such cases directs imprisonment in the penitentiary for a period of not more than fourteen years nor less than one year, and the imposition of a fine in any sum not exceeding five thousand dollars.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge. Affirmed.

*W. H. Abel* and *A. M. Abel,* for appellant.

*J. A. Hutcheson,* for the State.

The opinion of the court was delivered by

FULLERTON, J.—The appellant was convicted in the superior court of Chehalis county of the crime of forgery, and from the judgment of conviction and the sentence pronounced thereon he appeals to this court.

He assigns that the court erred (1) in overruling his motion to quash the information; (2) in refusing to sustain his demurrer to the information; (3) in requiring him to go to trial in the absence of witnesses; (4) in the admission and exclusion of evidence; (5) in its instruction to the jury; and (6) in rendering judgment upon the verdict.

1. / The motion to quash was based upon the following facts: The appellant was taken into custody upon a warrant issued on a complaint made before a justice of the peace sitting as a magistrate, the charging part of which was as follows:

"That on the 14th day of December, A. D. 1901, at Hoquiam, in Chehalis county, in the state of Washington, J. F. Newton, did falsely and fraudulently forge a check by signing the name of B. S. Philbrick thereto without authority to do so."

A hearing was had on the complaint, in which witnesses were examined touching the alleged offense, at the conclusion of which the magistrate found there was probable cause to believe that the appellant was guilty of the crime charged, and thereupon bound him over to appear before the superior court to answer to the charge, fixing his bail at five hundred dollars. The appellant was in custody under this commitment at the time the information was filed against him. No warrant for the arrest of the appellant was directed to be issued by the court on the filing of the information, nor was one issued by the clerk on his own motion within ten days thereafter, or at all. The appellant argues that the complaint before the magistrate did not state facts sufficient to constitute a crime, and hence all of the subsequent proceedings before that officer were void; that the appellant was illegally in custody; and that it was error for the court to require him to answer the information without first causing him to be arrested, and brought before the court upon lawful process.

It can be seriously questioned, we think, whether the question here sought to be raised can be raised upon a motion to quash the information, but waiving this, and assuming, without deciding, that one illegally in custody cannot lawfully be required to plead to an information, we find no merit in the contention. The statute does not prescribe any particular form of complaint to be filed before a magistrate as a prerequisite to his right to inquire into the commission of an alleged offense, and certainly it would be going too far to hold that such a complaint must state the facts constituting the offense intended to be charged with the same technical precision required in an indictment or information. The proceeding before the magistrate is in no sense a trial. Should the accused request it, he may be permitted to enter into a

recognizance to appear before the superior court having
jurisdiction of the offense without examination; and the
magistrate may lawfully require the accused to answer
before the superior court for any offense he finds there is
probable cause to believe he has committed, whether it
be the offense named in the complaint, or an entirely dis-
tinct offense; provided, of course, it be one within the
jurisdiction of the superior court. From this it would
seem that it is not from the complaint that the magistrate
determines the character of the offense, or the question
whether there is probable cause to believe that the accused
is guilty of an offense, but determines these matters
rather from the evidence adduced at the examination,
or from the fact that examination is waived. The fact,
therefore, that the complaint is informal cannot have the
effect of rendering all the subsequent proceedings void,
or the custody of the accused, committed after an exami-
nation, illegal.

2. The charging part of the information upon which
the appellant was tried is as follows:

"The said J. F. Newton within Chehalis county in the
state of Washington on the 14th day of December, A. D.
1901, did then and there falsely, fraudulently, unlaw-
fully and feloniously make, forge and counterfeit a cer-
tain bank check, which check so made, forged and coun-
terfeited then and there purported to be, and was, an in-
strument in writing and order for money of the tenor
following:

"'Hoquiam, Wash., 12-14-1901. No.——
First National Bank,
Pay to J. F. Newton or order $15.00 Fifteen Dollars—
Dollars.

B. S. PHILBRICK.'

"And upon the back of which said bank check he, the
said defendant, wrote and indorsed his name thus: 'J. F.
Newton,' and did then and there unlawfully and felon-

iously, knowing the said bank check so made to be false, utter and publish as true the said instrument in writing and order for money, constituting a bank check as aforesaid, with the premeditated purpose and intent of him, the said J. F. Newton to defraud Charles Dolstrom, B. S. Philbrick, the First National Bank of Hoquiam, Washington, and other persons whose names are to this informant unknown.".

The objection to this information is that it charges more than one crime. The statute (Bal. Code, § 7128), it is true, makes it an offense either to falsely make, assist to make, or cause to be made, etc., or to utter and publish as true, knowing the same to be false, certain named instruments, but where a person is guilty of one or more of these acts with reference to the same instrument, it is generally held to constitute but a single offense; hence an indictment or information which charges more than one of the enumerated acts with reference to the same instrument is not void for duplicity, or because it charges more than one crime. As was said in *People v. Frank,* 28 Cal. 507:

"Where in defining an offense, a statute enumerates a series of acts, either of which separately, or all together, may constitute the offense, all such acts may be charged in a single count, for the reason that notwithstanding each act may by itself constitute the offense, all of them together do no more, and likewise constitute but one and the same offense. To illustrate our meaning, take the statute against forgery, under which the indictment in this case was found, where we find several acts enumerated, all of which are declared to be forgery. Thus, 'the falsely making,' 'altering,' 'forging,' 'counterfeiting,' 'uttering,' 'publishing,' 'passing,' 'attempting to pass' any of the instruments or things therein mentioned, with the intent specified, is declared to be forgery. Now each of those acts singly, or all together, if committed with reference to the same instrument, constitute but one offense. Who-

ever is guilty of either one of these acts is guilty of forg-
ery; but if he is guilty of all of them, in reference to the
same instrument, he is not therefore guilty of as many
forgeries as there are acts, but of one forgery only.
Hence an indictment which charges all the acts enumer-
ated in the statute, with reference to the same instrument,
charges but one offense, and the pleader may therefore
at his option charge them all in the same count, or each
in separate counts, and in either form the indictment will
be good."

So it is said by Mr. Wharton:

"A crime which may be committed by the agency of
several means is well described if charged to be by the
agency of any one. Thus the indictment which · charges
a prisoner with the offenses of falsely making, forging,
and counterfeiting, of causing and procuring to be falsely
made, forged, and counterfeited, and of willingly acting
and assisting in the said false making, forging, and
counterfeiting, is a good indictment, though all of those
charges are contained in a single count, the words of the
statute being pursued; and where there is a general
verdict of guilty, judgment ought not to be arrested on
the ground that the offenses are distinct." 1 Wharton,
Criminal Law (10th ed.), § 727.

See, also, Wharton, Criminal Pleading and Practice
(9th ed.), § 251.

But it is said it is not alleged that the making and
uttering were continuous in point of time, and hence
the rule of the authorities cited do not apply. We do
not so read the information. It is alleged that at a certain
time the appellant falsely made the instrument, indorsed
his name upon the back thereof, and then and there did
utter and publish it as true. The words "then and there"
refer to the time of making, as well as to the time of the
indorsement, and show that the acts were continuous.

"And we may add, that so long as the various acts
mentioned in the statute are committed with reference

to the same instrument, they must be regarded as constituting one continuous transaction . . . notwithstanding the lapse of time or the intervention of acts which do not destroy the identity of the instrument." *People v. Frank, supra.*

3. Some days prior to the time fixed for the trial the appellant applied to the court for a subpoena for certain witnesses, averring generally in his application that they were material and necessary for his defense. An order was entered directing the clerk to issue a subpoena for the persons named, which order the clerk obeyed, placing the subpoena in the hands of the sheriff for service. The sheriff made return thereon to the effect that after due and diligent search he was unable to find the persons named, or either of them, in Chehalis county. When the case was called for trial, the appellant stated to the court that he was unprepared for trial because of the absence of these witnesses. A colloquy was then had as to the sufficiency of the sheriff's return, which the court finally ruled to be sufficient. To this ruling an exception was taken, and the matter suffered to drop. It is now insisted that it was error for the court to proceed with the trial. We perceive no error here. The statute provides:

"A motion to continue a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it, and also the name and residence of the witness or witnesses. The court may also require the moving party to state, upon affidavit, the evidence which he expects to obtain; and if the adverse party admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be continued. The court, upon its allowance of the motion, may impose terms or conditions upon the moving party." Bal. Code, § 4977.

The record fails to show even an attempt to comply with the requirements of this section of the statute, and, without some such showing as the statute requires, a trial court is not compelled to grant a continuance.

4.   The court permitted the officer having the appellant in charge after his arrest to testify, over the objection of the appellant, to certain statements made by the appellant tending to show his guilt; this after the officer had stated, in effect, that the admissions were voluntarily made. This was not error.   In order to render such admissions admissible under the rule of the Code, it was not necessary for the officer to state, in terms, that they were not made "under the influence of fear produced by threats."   To state the substance of the statute in any form of words was sufficient.   The other objections to the admission of evidence require a more extended statement of the record than their merits deserve.   Suffice it to say, therefore, that we have carefully examined each of them, and find no cause for reversal.

5.   The objections urged against the instructions go in the main to the sufficiency of the information, and are answered by what we have said under that head.   One question, however, needs to be noticed.   The appellant introduced evidence tending to show his previous good character.   In his charge to the jury the court said, in effect, that the defendant's good character, if they found it to be proven, was a circumstance to be considered by them, with all the other facts of the case, when weighing the question of the appellant's guilt or innocence; adding, "It is not a convincing matter," but a circumstance to be considered in his favor when determining the effect of the evidence.   It is objected to this that it is a comment on the facts, and thus within the constitutional inhibition. The objectionable part of the charge lies in the words

quoted. It is evident, however, from the charge as a whole that the court did not use these words with reference to the facts of this particular case,—that is, he did not mean to say that the evidence of the appellant's good character was not sufficient to turn the scale in his favor if the evidence as a whole was not such as to preclude any other finding than that of guilt, but meant, rather, that the good character of the accused was not, of itself, sufficient to preclude a verdict of guilty, if the jury believed from the evidence as a whole that he was guilty of the crime charged. As such it was not a comment on the facts, and, as we fail to see how the jury could have been misled by it, we find in it no cause for reversal.

6. The jury recommended the accused to the mercy of the court. The court sentenced him to pay a fine of one dollars and costs, and to imprisonment in the penitentiary for a term of two years. It it said that the judgment is erroneous, apparently because it is so excessive as to amount to an abuse of discretion. The statute provides that an offense of this character shall be punished by imprisonment in the penitentiary for a period of "not more than fourteen years nor less than one year," and by a fine "in any sum not exceeding five thousand dollars." It would seem that within these limits the extent of the punishment is, in every case, within the sole discretion of the trial court, but if it be the rule that this court may review that discretion for abuse, whatever may be the punishment inflicted, we do not find any cause for an exercise of the power here.

Finding no substantial error in the record, the judgment will stand affirmed.

REAVIS, C. J., and MOUNT, ANDERS, HADLEY, WHITE and DUNBAR, JJ., concur.