[No. 5915.  Decided December 8, 1905.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTON MICHAEL ILOMAKI, *Appellant.*[1]

CRIMINAL LAW—PLACING WIFE IN HOUSE OF PROSTITUTION—PLEAD-ING—INFORMATION—DUPLICITY—STATUTES—CONSTRUCTION. An infor-mation charging the crime of placing a wife in a house of prostitu-tion and allowing and permitting her to remain in such house, is not bad for duplicity, since any one or all of the series of acts constituting the crime may be charged in a single count and constitute but one offense.

SAME — TRIAL — EXCLUDING WITNESSES FROM COURT ROOM—WIT-NESSES DISOBEYING ORDER. It is not error to permit witnesses to testify who for a short time disobeyed an order of court excluding the witnesses from the court room, where no collusion was shown be-tween the witnesses and the prosecution.

[1] Reported in 82 Pac. 873.

APPEAL—ASSIGNMENT OF ERROR—SPECIFICATION IN BRIEF OF ERRORS ASSIGNED.. The brief on appeal must specifically point out the errors alleged and refer to the record where the same can be found, in order to secure a review of the error assigned.

CRIMINAL LAW—HOUSE OF PROSTITUTION—KNOWLEDGE OF DEFEND-ANT—GENERAL REPUTATION—EVIDENCE. Upon a prosecution for the crime of placing a wife in a house of prostitution, evidence of the general reputation of the house is proper, the court instructing the jury that the defendant must be shown to have known that it was a house of prostitution.

SAME—CONSENT OF HUSBAND—GOOD FAITH OF PROTESTS. Upon a prosecution for the crime of placing a wife in a house of prostitution where defendant claims to have protested against his wife's going or remaining there, it is proper to instruct that such protests must have been *bona fide* and not made merely for a defense, especially where the wife actually remained there and the accused lived with her at such place.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered June 5, 1905, upon a trial and conviction of the offense of placing a wife in a house of prostitution. Affirmed.

*Agnew & Israel,* for appellant.

*E. E. Boner,* for respondent.

MOUNT, C. J.—Appellant was convicted, under Laws 1903, page 230, § 1, of the crime of placing and leaving his wife in a house of prostitution, knowing the house to be such. He appeals from a judgment on a verdict of conviction, and alleges error of the trial court, first, in overruling a demurrer to the information. The information charges that,

"The said Anton Michael Ilomaki, on the 29th day of March, 1905, in the county of Chehalis, in the state aforesaid, then and there being the husband of one Sofia Ilomaki, did then and there unlawfully, wilfully and feloniously connive at, and consent to, the placing and leaving of his said wife, Sofia Ilomaki, in a house of prostitution, and then and there give his full consent, and knowing said house to be a house of prostitution, did wilfully and feloniously allow and permit his said wife, Sofia Ilomaki, to remain therein; said

house of prostitution being known and designated as No. 411 East Hume Street."

It is claimed that this information is bad for duplicity, under Bal. Code, § 6044, because it charges that the appellant consented to the placing of his wife in a house of prostitution, and also that he allowed and permitted her to remain in such house. But it will be seen, by an examination of the statute, that it enumerates a series of acts any one or all of which may constitute a crime. In such case it is held that all of such acts may be charged in a single count because, while each act alone may constitute an offense, all of them together do no more than constitute one and the same offense. *State v. Newton,* 29 Wash. 373, 70 Pac. 31. Under this rule it was not error to overrule the demurrer.

(2) At the beginning of the trial, all the witnesses were sworn, and an order was made excluding them from the court room during the progress of the trial. Three witnesses for the state took seats within the court room for some reason not shown, and remained during a part of the examination of the prosecuting witness. They were thereupon noticed and required to depart. When these witnesses were afterwards called to the stand, counsel for appellant objected to their testimony being received because they had disobeyed the order of the court. There was no showing of, nor attempt to show, any collusion with the witnesses, or any fault on the part of the prosecution. The court denied the objection and received the evidence of these witnesses. This ruling is assigned as error. Under the rule in *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103, there was no error in receiving the evidence of these witnesses.

(3) Appellant alleges that the court erred in failing to instruct the jury that they must not consider evidence which the court had stricken out of the case. The record does not disclose that any such instruction was requested and refused. Furthermore, the assignment of error upon this point refers to certain pages of the statement of facts. These references

only show that objections were sustained to certain questions. They do not show that any evidence improperly admitted was stricken out.   The argument in the brief upon this point is general, and fails to point out any specific evidence which may have been improperly considered by the jury, or any specific evidence which was stricken where the court failed to instruct the jury not to consider it.   The duty rests upon appellant to point out errors specifically.   The court is not required to search for them.

(4)   Appellant contends that the court erred in instructing the jury upon the question of knowledge of the accused that the house was a house of prostitution.   The instructions show that the court very plainly and properly told the jury that "every material allegation in the information must be proved beyond a reasonable doubt."   In speaking of the question of the character of the house, and of the wife of the accused being there, the court used this language:

"You must be satisfied that he consented to it, or that he wilfully permitted her to remain there, knowing that it was a house of prostitution,  . . .   and also that it was a house of prostitution."

The court fully and fairly instructed the jury upon this point. There was no error in permitting evidence of the general reputation of the house.   Appellant attempted to maintain that he did not know the character of the house.   The evidence, however, clearly shows that the house was a house of prostitution, and generally regarded as such.   These facts were proper to go to the jury to show that appellant also knew the character of the house.

(5)   Appellant further claims that the court erred in instructing upon the question of the efforts of appellant to get his wife to leave the house.   The court said upon this question:

"Now, as to whether or not he consented to her being there, or permitted her to remain there, if she was there, and if he knew that it was a place of that kind, and that she was there,

it must be by his consent or by his permission. His consent need not be expressed. He may consent without giving any express permission or expressly giving his consent for her to remain there. But if she stayed there against his protest, against his wish, and he tried to get her to leave the place, then he would not be guilty."

The court followed this by saying, in substance, that such protests must be *bona fide,* and if the jury found that protests were made to his wife by the accused, and were not mere pretenses, he would not be guilty. These instructions, we think, correctly gave the law to the jury upon the question. No other safe rule could be followed. If appellant did actually protest against his wife remaining in such a place, and such protests were merely for a defense in case of prosecution under the statute, and were not to be complied with, and were so understood by the wife, such protests were a nullity and would not negative the consent which was manifested by the fact that the wife actually remained there, and by the further fact that the appellant during all the time actually lived with her at such place. If a protest not in good faith may be a defense in such cases, the statute is rendered nugatory. The error alleged upon the instruction defining reasonable doubt is wholly without merit.

Finding no error in the record, the judgment appealed from is affirmed.

Root, Dunbar, Hadley, Fullerton, Rudkin, and Crow, JJ., concur.