STATE OF IOWA, Appellee, v. LIZZIE BURNS, Appellant.

**Criminal law:** INSTRUCTIONS: EXCEPTION. Instructions in a case will not be reviewed on appeal unless exceptions thereto are taken as provided by Code, section 3709, specifying that part of the charge objected to and the ground of objection.

**Prostitution:** EVIDENCE: REPUTATION OF PLACE. Under an indictment charging defendant with resorting to, occupying and inhabiting a house of ill fame for the purposes of prostitution and lewdness, evidence of the reputation of the place is admissible

*Appeal from Wapello District Court.*—HON. D. M. ANDERSON, Judge.

TUESDAY, FEBRUARY 8, 1910.

· DEFENDANT was indicted, tried, and convicted ˙of the crime of prostitution, and appeals to this court.—*Affirmed.*

*Jaques & Jaques,* for appellant. ˙

*H. W. Byers,* Attorney-General, and *Charles W.*, *Lyon,* Assistant Attorney-General, for the State.

DEEMER, C. J.—Defendant was accused of prostitu- · tion for that on the 12th day of March, 1909, and at various other days and times during the year just preceding the finding of the indictment, she "did unlawfully, willfully, and feloniously, for the purpose of prostitution and lewdness, resort to, occupy, and inhabit a house of ill-fame kept for such purpose, and did then and therein willfully and feloniously lead a life of prostitution and lewdness, contrary to and in violation of law." This charge is virtually in the language of the statute. Code, section 4943. There was ample testimony to support the verdict; and, unless some error was committed by the trial court, the judgment should stand.

Complaint is made of some of the instructions; but, as no exception was taken to the charge when given, these complaints can not be considered, unless proper exceptions

1. CRIMINAL LAW: instructions: exception.

were filed, as provided in section 3709 of the Code. In *State v. Williams,* 115 Iowa, 97, it is said: "It is true the giving of this instruction together with fifteen others, was made one of the grounds of a motion for a new trial, but this was too general in its terms, for none of the claimed defects in any of the instructions were pointed out therein." And in *State v. Kirkpatrick* (Iowa), 105 N. W. 121, the rule is thus stated: "No exception was taken to the instructions given. A general complaint as to the correctness of the instructions, made in a motion for a

new trial, is not sufficient as the basis of an argument in this court as to their correctness."

II.   Over defendant's objections the state was permitted to prove the character and reputation of the house where the defendant stayed.   The indictment charged that

2. PROSTITUTION:
evidence:
reputation
of place.

she (defendant) did resort to, occupy, and inhabit a house of ill-fame, etc.   In order to establish the character of the house the testimony offered by the state was clearly admissible. *State v. Main,* 31 Conn. 572; *Betts v. State,* 93 Ind. 375; *Com. v. Kimbell,* 7 Gray (Mass.) 328; *O'Brien v. People,* 28 Mich. 213, and cases cited in 4 Ency. of Evidence, 726, 727.   There seems to be a conflict in the authorities, however, regarding the admissibility of testimony showing the character and reputation of the house as distinguished from the character and reputation of its inmates in the absence of a statute permitting such evidence.   See *State v. Lyon,* 39 Iowa, 379.   Our statutes (Code, section 4944) now permit the introduction of testimony as to the general reputation of the house.   See, also, *State v. Haberle,* 72 Iowa, 138; *State v. Lee,* 80 Iowa, 75.   It is true that this statute has reference to prosecutions for the keeping of a house of ill-fame; but, as prostitution, as defined by our statute, applies to one who for the purposes of prostitution resorts to or uses a house of ill-fame, or one kept for such purpose, we think the testimony was admissible under the statute quoted.   By all the authorities testimony as to the character and reputation of the inmates is admissible. *State v. Lyon,* 39 Iowa, 379, and cases cited in 14 Cyc. 505.   Under statutes similar to our own it has been held that testimony as to the character and reputation of the house is admissible.   *State v. Ilomaki,* 40 Wash. 629 (82 Pac. 873); *People v. Mead,* 145 Cal. 500 (78 Pac. 1047). See, also, Wigmore on Evidence, sections 78, 204, 1620, and cases cited.   We think testimony as to the character of the house was admissible, and that there was also sufficient

testimony to show acts of lewdness on the part of the defendant therein.

No error appears, and the judgment must be, and it is, *affirmed*.