[No. 13436.    Department Two.    August 29, 1916.]

THE STATE OF WASHINGTON, *Appellant*, v.
FOREST D. GIPSON, *Respondent*.[1]

INDICTMENT AND INFORMATION—DUPLICITY—FAMILY DESERTION. An information charging family desertion by the abandonment of children and failure to provide support is not duplicitous, under Rem. 1915 Code, § 5933-1, which defines the offense disjunctively by enumerating in separate subdivisions the acts constituting the offense as if "or" occurred between the subdivisions; since several alternative means by which the same offense may be committed may all be included in one charge, and since there is no inherent difference between physical abandonment and actual failure to support.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered November 2, 1915, granting a new trial, after a trial and conviction of the offense of family desertion. Reversed.

*A. J. Elrod*, for appellant.

*Edward A. Davis* and *E. M. Gibbons*, for respondent.

HOLCOMB, J.—Respondent was convicted upon the following information:

"That the said Forest D. Gipson, in the county of Franklin, state of Washington, on the first day of April, 1915, did

[1]Reported in 159 Pac. 792.

then and there unlawfully and feloniously, being the father of three children, to-wit: a girl ten years old named Opal, a girl nine years old named Jennie, and a girl four and a half years old named Angeline, dependent upon him for care, education and support, desert his said children, with the intention of abandoning them, and did wilfully omit, without lawful excuse, to furnish his said children with necessary food, clothing, shelter and medical attendance," etc.

A new trial was granted upon motion of respondent, on the ground that the information was duplicitous in charging two separate offenses.

The statute denouncing the offense or offenses is § 5933-1, Rem. 1915 Code, being § 1, ch. 28, Laws 1913, p. 71, and is as follows:

"*Family Desertion.* An act concerning domestic relations and to prevent and punish family desertion or non-support of wife or child or children, and providing for support bonds and suspension of trial and sentence,   .   .   .

"Be it enacted by the Legislature of the State of Washington:

"Section 1.  Every person who,

"1st:  Having any child under the age of sixteen years dependent upon him or her for care, education or support, deserts such child in any manner whatever, with intent to abandon it;

"2d:  Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or children or ward or wards;   .   .   .
Shall be guilty of a gross misdemeanor."

The third subdivision prohibits neglect or abandonment or failure to support and provide for a wife.

It will be seen that the information in this case follows the statute covering the first and second alternative subdivisions thereof.  It is for this reason that the respondent contended, and the trial court thought, that two counts were charged in the information.

At first we inclined to the belief that the theory of the trial court and of the respondent was correct, but upon fur-

ther and more mature consideration, we are of the opinion that that view cannot be sustained.

"When the statute enumerates several acts in the alternative, the doing of any one of which is subjected to the same punishment, all of such acts may be charged cumulatively as one offense. And where the statute provides in the alternative several means by which the offense may be committed, or where the intent or purpose is set out in several aspects disjunctively, they may all be charged in setting out one and the same offense." 10 Ency. Plead. & Prac., 536.

See, also, *State v. Adams*, 41 Wash. 552, 83 Pac. 1108; *Fahnestock v. State*, 102 Ind. 156, 1 N. E. 372.

In the last cited case it was said:

"When a statute makes it an offense to do some one or another act, naming them disjunctively, either of which would constitute one and the same offense, and amenable to the same punishment, all the acts may be charged conjunctively in the one count as constituting a single offense."

In *People v. Gusti*, 113 Cal. 177, 45 Pac. 263, the court said:

"Of course, an indictment or information must charge but one offense (Pen. Code, § 954), and if it charges more than one, it is subject to demurrer upon that ground. The question then is, Did the information here charge two offenses? We do not think it did. It is a well-settled rule of law that 'when a statute enumerates a series of acts, either of which separately or all together may constitute the offense, all of such acts may be charged in a single count, for the reason that notwithstanding each act may, by itself, constitute the offense, all of them together do no more, and likewise constitute but one and the same offense.' "

See, also, *State v. Newton*, 29 Wash. 373, 70 Pac. 31; *State v. Holedger*, 15 Wash. 443, 46 Pac. 652; *State v. Ilomaki*, 40 Wash. 629, 82 Pac. 873; *State v. Meyerkamp*, 82 Wash. 607, 144 Pac. 942; 1 Bishop, Criminal Procedure (3d ed.), § 586; 1 Wharton, Criminal Law (10th ed.), § 1027; 22 Cyc. 380; 29 Cyc. 1678.

All the authorities cited in 22 and 29 Cyc. as to the requirements and sufficiency of an indictment or information under statutes similar to ours have been examined, and there is only one authority—that of *Richie v. Commonwealth,* 23 Ky. Law 1237, 64 S. W. 979, where the view is asserted that it is essential that the particular facts showing the circumstances of the alleged desertion of the child should have been set out in the indictment with such particularity and detail as to advise the accused of the specific offense with which he is charged.

The statute in question denominates the offense "Family Desertion," and it entitles itself, "An act concerning domestic relations and to prevent and punish family desertion *or* nonsupport of wife or child or children." It defines the offense disjunctively and, although it expresses itself categorically in three separate subdivisions or clauses, the word "or" being omitted between the several clauses, the first and second subdivisions are to be read as if the word "or" occurred between them in one subdivision describing the one offense disjunctively, and amenable to the same punishment. The first subdivision specifies the dependents and denounces desertion of them, broadly, "in any manner whatever." The second refers to the same dependents and prohibits nonsupport. There is no inherent distinction between physical abandonment and desertion of a child or children and actual failure to support, which, under the statute, constitutes abandonment or desertion. One might at the same time absent himself, thus physically abandoning and deserting his dependents, and also fail to support them. And he might, without physically absenting himself from his children, fail to support them. In any event, he would come within the purview of the various alternative provisions of the first and second subdivisions of the statute in question, and the same gross misdemeanor would be committed and subject to the same penalty or order of the court. We are, therefore, of

the opinion that his Honor erred in his conclusion that two separate and distinct crimes had been charged, and that the information was therefore duplicitous.

The judgment will be reversed, with instructions to enter a proper order and judgment upon the verdict of the jury.

MORRIS, C. J., MAIN, PARKER, and BAUSMAN, JJ., concur.