[No. 18603.  *En Banc.*  July 15, 1925.]

THE STATE OF WASHINGTON, *Appellant,* v. J. A. RAMSTAD, *Respondent.*[1]

EVIDENCE (17)—JUDICIAL NOTICE—OFFICIAL PROCEEDINGS AND ACTS. The courts will take judicial notice that the state auditor has prepared uniform blanks for use by county treasurers, as required by Rem. Comp. Stat., § 4078, which replace the use of stubs on issuance of tax receipts.

RECORDS (11)—OFFENSES—MUTILATING PUBLIC RECORDS—STATUTES —CONSTRUCTION. Carbon duplicate copies of tax receipts, kept by a county treasurer, are public records, within the statute punishing their mutilation.

INDICTMENT AND INFORMATION (76)—DUPLICITY—DIFFERENT OFFENSES—PARTS OF SAME TRANSACTION. An information charging a county treasurer with the mutilation of his official records by entering a personal property tax without receiving the money, and destroying the duplicate receipt kept in his office, is not duplicitous in that it also charges embezzlement in failing to account for and turn in to the county treasurer the sum due for personal taxes from the taxpayer involved, where the allegations were inconsistent and ambiguous and he never in fact received the money.

TOLMAN, C. J., and BRIDGES, J., dissent.

Cross-appeals from a judgment of the superior court for Snohomish county, Bell, J., entered March 26, 1924, upon sustaining, upon one ground, a demurrer to the information, dismissing a prosecution for the crime of mutilating public records.  Affirmed.

[1]Reported in 237 Pac. 994.

*C. T. Roscoe* and *John C. Richards,* for appellant.

*O. T. Webb, W. A. Johnson,* and *Coleman & Fogarty,* for respondent and cross-appellant.

## ON REHEARING.

ASKREN, J.—Respondent was charged by information in the superior court for Snohomish county, as follows:

"He, the said J. A. Ramstad, on or about the 24th day of July, 1923, at the county of Snohomish, state of Washington, was the duly elected, qualified and acting county treasurer in and for the county of Snohomish, state of Washington. That as such county treasurer it became and then and there was the duty of J. A. Ramstad to enter, make record of and collect the taxes due said Snohomish county, state of Washington, and keep the records, files, papers and receipts of said county treasurer's office; and that said J. A. Ramstad in the county of Snohomish, state of Washington, on or about the 24th day of July, 1923, and while acting as treasurer of said Snohomish county, state of Washington, did then and there unlawfully and feloniously mutilate, destroy, conceal, erase, obliterate and falsify said records and papers appertaining to his office of county treasurer in and for said Snohomish county, state of Washington, by then and there falsely issuing and delivering to the firm of Walker and Peterson personal property tax receipt No. 27838 of said county treasurer's office, in the sum of $1,732.33, for personal taxes for the years 1921 and 1922, due from said firm to said Snohomish county, state of Washington, and failing to account for and turn into the said county treasury the sum due for said personal tax due from said firm of Walker and Peterson, and by then and there falsely entering payment of the sum of $1,732.33 in personal property tax roll of said county treasurer's office, and particularly the personal property tax account of said firm of Walker and Peterson in said personal property tax roll; and by then and there mutilating, erasing, altering duplicate personal tax receipt

No. 27838 of said treasurer's office, and by thereafter destroying, or concealing duplicate real estate tax receipt No. 27839 of said treasurer's office, and falsifying said records by placing said mutilated, erased and altered duplicate personal property tax receipt No. 27838 in the place of said duplicate real estate tax receipt No. 27839 in the records of said treasurer's office, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Washington.''

To this information the respondent demurred upon the usual statutory grounds. The trial court sustained the demurrer upon the ground that the information did not substantially comply with the statutes, and overruled it upon all other grounds. Both sides have appealed. The state contends that the information was sufficient, and respondent contends that the court should also have sustained the demurrer upon the grounds that more than one crime was charged; that the facts charged do not constitute a crime, and that the information contained matter which, if true, would constitute a defense or bar to the action.

The trial court, in its memorandum opinion, gave a very clear and lucid discussion of the acts charged by the information, and since it is so clearly apt, we quote therefrom:

''The information, as it was urged by the state's counsel the same should be construed, is an effort to charge the defendant with a violation of certain penal statutes by acts of his relative to the records and papers of his office as county treasurer for Snohomish county, state of Washington.

''After the allegation as to date and venue and as to the official character of defendant and his official duties, the information, to adopt its language and to number certain clauses, is as follows:

'' 'And that said J. A. Ramstad . . . while acting as treasurer . . . did then and there unlaw-

fully and feloniously mutilate, destroy, conceal, erase, obliterate and falsify said records and papers appertaining to his office. . . . (1.) By then and there falsely issuing and delivering to the firm of Walker & Peterson personal property tax receipt No. 27838 of said county treasurer's office in the sum of $1,732.33, for personal taxes for the years 1921 and 1922, due from said firm to Snohomish county, state of Washington, and failing to account for and turn into said county treasury the sum due for said personal taxes due from said firm of Walker & Peterson. (2.) And by then and there falsely entering payments for the sum of $1,-732.33 in personal property tax roll of said county treasurer's office, and particularly the personal property tax account of said Walker & Peterson in said personal property tax roll. (3.) And by then and there mutilating, erasing, altering duplicate personal tax receipt No. 27838 of said treasurer's office. (4.) And by thereafter destroying said records by placing said mutilated, erased and altered duplicate personal property tax receipt No. 27838 in the place of said duplicate real estate tax receipt No. 27839 in the records of said treasurer's office.'

"I pass the fact that the information, rather than being direct and positive in the form of its allegation of the different acts sought to be charged as constituting penal acts, sets forth such by way of recital only. It is clear that the state has attempted to itemize, specify and particularize several alleged acts on the part of the defendant which it asserts constituted a violation of the statute.

"It is clear to me that the language of the first attempted specification of such an act is confusing, incongruous and contradictory. If such shall be held a sufficient charge of a criminal act at all, it is clear that the words 'by falsely issuing and delivering tax receipt No. 27838' must be construed, interpreted and held to mean—and such words may under a liberal interpretation be held to mean—that the defendant issued a false tax receipt; that is, issued a receipt when he received no moneys the receipt of which could be evidenced by such. The words and language which follow—'and

failing to account and turn into said county treasury the sum due for said personal taxes due from said firm of Walker & Peterson'—are not alone inapt and contradictory within themselves, but such are wholly inconsistent with and contradictory to the first quoted words which precede them.

"Clearly it is inconsistent to charge that the defendant issued a receipt when he received no moneys on account of a tax due from certain individuals and at the same time to say, relative to the same tax due from the same individuals, that he failed to turn the moneys received into the treasury or account for such. On the other hand, if this first attempted specification of a criminal act shall be held to mean that defendant failed to account for and turn into the treasury a sum received by him for taxes from Walker & Peterson for taxes for the years 1921 and 1922, then it is quite as inconsistent to charge that, with reference to the same taxes, he issued a false statement.

"Nor can it be held that there is a legally sufficient charge contained within this first specification, that defendant failed to account for or misappropriated any moneys received by him by virtue of his office, for it is nowhere alleged, expressly or by implication even, that he actually received such. On the other hand, every reasonable and necessary implication, from the language of the information, is that he did not receive any moneys. The allegations are in specification No. 1 as liberally interpreted above that he issued a receipt when he received no moneys, and by specification No. 2 it is alleged that he falsely made an entry of the payment of the moneys."

It is the contention of appellant that but one act is charged, to wit: the unlawful mutilation, destroying, concealing, erasing, obliterating and falsifying records and papers pertaining to the office of county treasurer. But we quite agree with the trial court that this cannot be charged by language which alleges that he falsely issued a receipt when he received no moneys for the same, and at the same time charge him with having

failed to pay into the treasury the money represented by the receipt when in fact he had received none.

The trial court held, however, that the allegations as to mutilating, erasing and altering duplicate receipts were proper charges to be contained in the information.

Respondent contends that he is not required by law to keep duplicate tax receipts, and that they are therefore not a part of the public records. He contends that, under § 11254, Rem. Comp. Stat. [P. C. § 6956], when he issues a receipt for taxes "such receipt shall be made out with a stub, which shall be a summary of the receipt."

If this section were controlling, respondent's contention might be sound, but there is a further law upon the subject (§ 4078, Rem. Comp. Stat.) [P. C. § 5525], as follows:

"The state auditor, with the aid and advice of the attorney general, shall compile the forms for all public blanks used in the counties of this state in conformity with the general statutes thereof. The various blanks for each county shall be uniform throughout the state."

It is a matter of common knowledge, of which this court will take judicial notice, that, acting under the above quoted section of the statute, the state auditor has prepared uniform blanks for use in the counties of the state, and that in place of the stub which was previously used by county treasurers and which required extra work on the part of the person issuing the receipt, as well as affording opportunity for mistake, there has been provided carbon copy duplicate receipts which it is incumbent upon county treasurers to use, and which have been used for many years past. Certainly a record of this character, kept upon request of the state auditor, empowered by law to compile uniform blanks filling exactly the same purpose intended to be

filled by the stubs, is a public record, and any mutilation or destroying thereof is an offense against the law.

The contention of respondent that he is charged with more than one crime finds its source in the belief that the information as drawn charges him with embezzlement of the money represented by the tax receipt, as well as mutilating the records of his office. But we think this construction follows only from the ambiguity and contradictory statements pointed out by the trial court in its opinion. We therefore hold this contention to be without merit.

Respondent also contends that, since the information charges that he falsely issued a tax receipt and failed to account for the money represented thereby, this is an admission that he received the money. Therefore, having received the money, it would not be a falsification of the record to issue a receipt and mark the tax paid; and that such facts evidence that there was no crime. What has been said in disposing of the previous assignment also applies to this one.

The former Departmental decision, in so far as it reverses the action of the trial court as reported in 132 Wash. 406, 232 Pac. 349, is hereby overruled.

The judgment of the trial court is in all things affirmed.

Holcomb, Mackintosh, Mitchell, and Main, JJ., concur.

Parker, J., concurs in the result.

Tolman, C. J. (dissenting)—I cannot concur in either the reasoning or the result.

Bridges, J., dissents.