[No. 25511. Department Two. August 17, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. E. WALTER NORGARD, *Appellant*.[1]

*A. E. Dailey* and *John B. Fogarty,* for appellant.

*A. W. Swanson, G. W. Louttit,* and *Frederick A. Clanton,* for respondent.

*Charles R. Denney, amicus curiae.*

[1]Reported in 48 P. (2d) 618.

HOLCOMB, J.—Appellant was accused by information and convicted of violating Rem. Rev. Stat., § 2348 [P. C. § 9086], which reads:

"Every officer who shall mutilate, destroy, conceal, erase, obliterate or falsify any record or paper appertaining to his office, or who shall fraudulently appropriate to his own use or to the use of another person, or secrete with intent to appropriate to such use, any money, evidence of debt or other property intrusted to him by virtue of his office, shall be punished by imprisonment in the state penitentiary for not more than ten years, or by a fine of not more than five thousand dollars, or by both."

The information comprised nineteen counts, in all of which are set out acts and transactions alleged to have been in violation of the above statute.

Count I of the information reads:

"He, the said E. Walter Norgard, was, on or about the 5th day of October, 1932, the duly elected, qualified and acting county clerk of Snohomish county, Washington, and did, on or about said date in Snohomish county, Washington, while acting as said clerk, wilfully, unlawfully and feloniously mutilate, conceal, erase, obliterate and falsify a record and paper appertaining to his office, to-wit: the official duplicate receipt which should acknowledge receipt of $8.20 paid by Clarence J. Coleman for the preparation of a transcript on appeal in the case of Clarence J. Coleman vs. Hillman Investment Company, by writing $6.20 in words and figures in said duplicate receipt and said E. Walter Norgard, at said time and place, did fraudulently appropriate to his own use the sum of $2.00 in lawful money of the United States, the difference between the sum given for said transcript by said Clarence J. Coleman and the amount stated on said duplicate receipt and said sum of $2.00 was entrusted to said E. Walter Norgard by virtue of his office."

Two of the counts were dismissed during the trial and seventeen were submitted to the jury. Appellant

was convicted and sentenced on all of the seventeen counts submitted, from which this appeal is brought.

Eight errors are assigned by appellant for reversal of the conviction, the first five of which all relate to the asserted duplicity of the information. Under those errors, it is contended that the information is duplicitous because in each count it is charged that appellant did wilfully, unlawfully and feloniously mutilate, conceal, erase, obliterate and falsify a record and paper appertaining to his office, and that he did fraudulently appropriate to his own use certain sums of money.

All counts in the information allege the offense in the same manner, except that the amounts and names of the parties from whom the money was received were different.

The method used by appellant was the same in every instance. The evidence was substantial and ample to sustain the conviction under each submitted count.

The record discloses that the method used by appellant was substantially this: He kept duplicate receipt books. When money was paid into his office an original receipt was written upon a perforated sheet of paper and a carbon duplicate made at the same time by means of carbon paper, the duplicates not being perforated and not being easily torn out. The original receipt was given to the party paying money to him. The duplicate receipt remained in the clerk's office as the original entry of the money received by him. It is these duplicate receipts which were falsified.

All of the counts relate to money received for the preparation of transcripts on appeal. In some of the counts, appellant himself issued the receipts to the parties paying money to him. The original receipt would show the actual amount paid to appellant, but by placing a blotter or some kind of paper behind the carbon, it prevented the carbon from showing the

amount at the time of writing the receipt. Later, appellant placed a piece of paper over the carbon above the duplicate receipt and wrote another receipt for a smaller amount than was actually received by him. The difference in the money received and the amount shown on the duplicate receipt was converted to his own use. An examination of the records in the county treasurer's office, all of which were introduced in evidence, showed that the amount paid to the county treasurer was the amount shown in the duplicate receipt book and not the amount actually received by appellant.

In some cases where the original and duplicate receipt had been written by one of his deputies, the duplicate receipt made by the deputy was torn out of the duplicate receipt book and appellant wrote another supposed duplicate receipt for a smaller amount than had been received by the deputy. In such case, the original receipt was in the handwriting of the deputy and the supposed duplicate was in the handwriting of appellant. These facts were admitted, in substance, by appellant on the witness stand.

Appellant attempted to explain his conduct by stating that, in those cases where the discrepancy did not exceed two dollars, the extra two dollars were collected by him for the purpose of paying postage and express of the transcripts on appeal to Olympia. In two instances where the discrepancy approximated five dollars, he said that his wife had done some work on the transcript and he paid her for that. In one instance of a twenty dollar discrepancy and in another of a fifteen dollar discrepancy, he testified that he had been instructed by the attorneys for both sides in a certain case to hire armed guards to accompany him to Olympia for the purpose of transmitting the record. This testimony was denied by all of the attorneys who

were then present, including Stephen V. Carey, Judge Wm. D. Askren and John Ryan.

In rebuttal, the state introduced evidence to prove that appellant never expended any sum even amounting to a substantial part of the amount diverted to his own use for transmitting the records to Olympia.

All of the acts done by appellant in reference to each count of the information was one continuous transaction. The falsification was the means used to secure the fund and the securing of the funds was the result of the falsification of the record.

In enacting § 2348, *supra,* the legislature doubtless intended that a person should be charged with all of the acts denounced by it, if such acts were so closely related as to constitute one transaction.

*State v. Dodd,* 84 Wash. 436, 147 Pac. 9; *Seattle v. Molin,* 99 Wash. 210, 169 Pac. 318; and *State v. Ramstad,* 135 Wash. 346, 237 Pac. 994, chiefly relied upon by appellant, are not controlling. In each of those cases the charge condemned by this court was obviously duplicitous. The law has long been well settled in this state that where, in defining an offense, the statute enumerates a series of acts, either of which separately, or all together, constitute the offense, all such acts may be charged in a single count for the reason that, notwithstanding each act may by itself constitute the offense, all of them together do no more and likewise constitute one and the same offense.

*State v. Newton,* 29 Wash. 373, 70 Pac. 31; *State v. McBride,* 72 Wash. 390, 130 Pac. 486; *State v. Gipson,* 92 Wash. 646, 159 Pac. 792; *State v. Klein,* 94 Wash. 212, 162 Pac. 52; *State v. Callaghan,* 107 Wash. 486, 182 Pac. 594; *State v. Spiller,* 146 Wash. 180, 262 Pac. 128; *State v. Comer,* 171 Wash. 25, 17 P. (2d) 643.

Nearly all of the above cited cases cited many others both from this and outside jurisdictions and texts to

the same effect. Many others might be cited from this state, but it is unnecessary.

It is clear that the instructions given and refused by the trial court did not violate the law as to duplicitous charging of an offense in this state.

■ Appellant next complains of refusal of the trial court to give a requested instruction in substance that, if the accused was not shown beyond a reasonable doubt to have converted money which was the property of Snohomish county, then he must be acquitted. Under the statute above cited, it is not necessary that the money should have belonged to Snohomish county. The statute only prescribes that the money converted was intrusted to him by virtue of his office.

■ It is also complained that the court refused to give a requested instruction to the effect that, if appellant acted under an honest claim of right to any money, he would not be guilty, and it would be the duty of the jury to acquit him; or, if the evidence raised a reasonable doubt, it would be the duty of the jury to acquit him. The statute prohibits the falsification of records, which was the essence of the charges in this case. The requested instruction omitted any reference to the matter of falsification of records. It was therefore not valid.

■ Another error alleged is in refusing to give a requested instruction to the effect that the law requires the county clerk to transmit to the supreme court at the expense of litigants all records on appeal, that the clerk has the right to collect such expenses, and that the same is not the property of the county.

Rem. Rev. Stat., § 1729 [P. C. § 7305], provides that, within four months after an appeal has been taken, the clerk of the superior court shall, at the expense of appellant, send up to the supreme court the transcript,

together with the original briefs on appeal filed in his office.

The requested instruction is incorrect, for the reason that the law does not authorize the county clerk to collect extra funds at the time the transcript is prepared, and the statute does not provide that the clerk may falsify his records in collecting money to transmit records. It would, of course, have been proper for appellant to have collected sums from each appellant for the purpose of paying postage, or express charges, for transmitting records to the supreme court; but it was in no case lawful for him to falsify the records in his office for the purpose of collecting fees in excess of what his records showed.

Instruction number V, given by the trial court, is assailed by appellant. It is limited to fees provided by law for the preparation and certification of a transcript.

The statute under which appellant was prosecuted makes it a crime for a public officer to convert to his own use funds coming into his hands by virtue of his office. This instruction plainly followed the statute and accords with our version of it and of the charges in the information.

We find no reversible error in the record, and the judgment must be, and is, affirmed.

MITCHELL, MAIN, STEINERT, and BLAKE, JJ., concur.