[No. 975. Decided November 24, 1893.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE DOON,
*Appellant*.

CRIMINAL LAW—INFORMATION—INDORSING NAME OF WITNESS—
VIEW OF PREMISES—WITNESSES—ORDER FOR SEPARATION—
EFFECT OF DISOBEDIENCE.

In the absence of a rule of court, the prosecuting attorney may,
under §1230, Code Proc., indorse upon the information during the
impaneling of a jury the names of additional witnesses, as the trial
does not commence until the jury has been accepted and sworn.

It is not error to allow the jury in a criminal case to view the premises where an alleged crime was committed without the presence of the defendant.

Where a witness for defendant in a criminal prosecution remains in the court room and hears the other witnesses testify after an order of the court for the separation of the witnesses, the defendant, if without fault, cannot be deprived of the testimony of such witness, but the fact may be commented on to the jury as affecting the credibility of the witness.

It is not incumbent on the defendant under such circumstances, in order to avoid the exclusion of his witness, to show that his evidence is material.

*Appeal from Superior Court, Whitman County.*

*R. W. Hargrave, John Pattison,* and *A. M. Craven,* for appellant.

*J. N. Pickrell,* Prosecuting Attorney (*Chadwick & Fullerton,* of counsel), for The State.

The opinion of the court was delivered by

DUNBAR, C. J.—Appellant was tried and convicted on the charge of an assault with intent to commit murder. The assignments of error are (the arrangement is our own):

*First:* That the court erred in allowing the respondent to indorse the name of Charles Harmon as a witness on the information after the trial began.

*Second:* The court erred in allowing the jury to view the premises where the alleged affray took place, without the presence of appellant.

*Third:* The court erred in not allowing appellant's witness Lee Chu to be sworn and to testify in said cause.

As to the first assignment, § 1230 of the Code of Procedure provides that the prosecuting attorney shall subscribe his name to the information, "and indorse thereon the names of the witnesses known to him at the time of filing the same, and at such time before the trial of any case as the court may by rule or otherwise prescribe, he

shall indorse thereon the names of such other witnesses as shall then be known to him." It is conceded that the superior court of Whitman county, where this action was tried, has not formulated a rule prescribing the time when the names of the witnesses not known to the prosecuting attorney at the time of filing the information should be indorsed upon the same; and we do not think the court violated his discretion in allowing the indorsement to be made at the time it was made in this case. The record shows that the motion was made and allowed during the impaneling of the jury, before the jury was sworn or accepted, and even conceding that the statute is mandatory, the trial of the case as contemplated by the statute was not yet commenced. The impaneling of the jury is a necessary step in the preparation for a trial and organization of the forum, but is not, we think, in the sense it is used in the statute, a part of the trial of the case. The appellant certainly could not allege jeopardy in that case, if the case had been dismissed for any cause before the jury had obtained jurisdiction of the case, or had even been accepted. If he could not, then he cannot claim that his trial had begun. 1 Bishop, Cr. Law (7th ed.), § 1014.

As to the second assignment of errors, the record shows that the defendant, by his counsel, requested the court to allow the jury to inspect the premises where the difficulty leading to defendant's arrest occurred, and the court granted the request and allowed the jury to go, under the usual admonitions and under the supervision of a bailiff. The defendant did not ask to be allowed to accompany the jury, and did not do so. The contention of the appellant is, that a view of the premises is a part of the trial, and that it is the defendant's constitutional right to be present at the time. We do not think the view is any part of the trial. The trial can be but in one place at a time, and that place is where the judge presides and the

evidence is produced.    The jury does not view the premises for the purpose of obtaining evidence.    No evidence is allowed to be offered there to the jury under any rules or any circumstances; they simply view the premises for the purpose of enabling them to make an intelligent application of the testimony presented at the trial.    There is some conflict of authority on this proposition, but we think the weight of authority, and the better reasoning, is with the respondent.    Among the best recent cases sustaining this view we cite *State v. Adams*, 20 Kan. 311; *Shular v. State*, 105 Ind. 289 (4 N. E. Rep. 870).

The third assignment, namely, that the court erred in not allowing appellant's witness to testify is, in our judgment, more serious, and involves a substantial right of the defendant, a right which goes to the life of the defense, namely, a right to have witnesses examined in his behalf. It appears from the record that the court had made an order for the exclusion of the witnesses during the progress of the trial.    Lee Chu had been subpœnaed on the part of the defendant, and appeared in the court room at the opening of court on the third day of the trial.    He had no knowledge of the order of the court made for the exclusion of witnesses during the progress of the trial, and remained in the court room during part of the examination of the defendant, and, when called as a witness, responded from his seat.    The state objected to his being allowed to testify for the reason that he had disobeyed the order of the court, which objection was sustained.

On this question also there is some conflict of opinion, some of the old authorities holding that under such circumstances the witness should be excluded; but this rigid rule is not now sustained by any of the modern appellate courts, excepting in special cases under the revenue laws, where collusion is the main obstacle with which the govern-

ment has to contend. The courts are, however, divided on the question as to whether it is a matter that can be left to the discretion of the trial court, or whether the exclusion of the witness under any circumstance is reversible error; but an investigation of the authorities convinces us that the great weight of modern authority is to the effect·that the judge has no right to deprive a defendant of the right to have his witnesses examined on his behalf on account of the mistake of the witnesses. This rule, we believe, is founded on sensible and equitable principles, and does not leave the rights of a defendant dependent upon either the caution or carelessness of the witnesses, or subject them to the collusion of an unfriendly witness with his enemies. The punishment of a witness for violation of the court's order will practically secure the enforcement of the order without depriving the defendant, who is in no way in fault, of the means to obtain his rights. As was said by the supreme court of Maryland, in *Parker v. State*, 67 Md. 329 (10 Atl. Rep. 219):

"If the evidence of such witness would show the innocence of a prisoner on trial for his life, then the discretion of the judge . . . amounts to a discretion to take the prisoner's life, or to spare it. The wise, just and merciful provisions of our criminal law do not place human life on such an uncertain tenure. A man's life and liberty are protected by fixed rules prescribed by the law of the land, and are not enjoyed at the discretionary forbearance of any tribunal. All suggestions of this kind are alien to the spirit and genius of our jurisprudence."

"The better opinion now is that the violation of the rule by a witness, although it will subject him to punishment for contempt of court, will not deprive the party, whose witness he is, of the benefit of his testimony, where the party himself is without fault, and that the court cannot lawfully refuse to permit the examination of the witness; although it will be a matter for observation to the jury upon his evidence." 1 Thompson on Trials, § 281.

And numerous cases are cited which fully sustain the text; and in a foot note the author adds:

"It was formerly held in Indiana to be a matter of discretion for the court trying the cause, whether the testimony of a witness who had willfully disobeyed the order of the court to remain out of the court room until called, should be rejected for that reason, and that this discretion would not be reviewed on appeal unless it appeared that it had been abused. . . . But in later cases the same court have adopted this as the true rule: 'Where a party is without fault, and the witness disobeys an order directing a separation of witnesses, the party shall not be denied the right of having the witness testify, but the conduct of the witness may go to the jury upon the question of his credibility.' Citing *Davis v. Byrd*, 94 Ind. 525, and *Burk v. Andis*, 98 Ind. 59, where the doctrine above enunciated is vigorously pronounced."

In fact, the modern authorities sustaining this view are so numerous that, inasmuch as it appeals to our sense of justice and propriety, we have no hesitation in following them, and deciding that where a party is without fault it is not within the power of the judge to deprive him of the evidence of his witnesses. Of course, the fact that the witness heard the other witness testify, against the order of the court, may be commented upon as affecting his credibility, but, subject to this disadvantage, he must be allowed to testify.

We think there was nothing in the contention of the respondent that the appellant had not shown that the evidence of the witness was material. He was not compelled to make an affirmative showing to obtain this right. He was deprived of a right which the law accorded him; objected to the deprivation and duly excepted, and the presumption is that he was injured thereby. For this error the judgment will be reversed, and the cause remanded for a new trial.

STILES, ANDERS, SCOTT and HOYT, JJ., concur.