[No. 20311. Department One. February 24, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT BRYANT, *Appellant.*[1]

[1] WITNESSES (74) — CROSS-EXAMINATION — SCOPE AND EXTENT. Error can not be assigned upon limiting a cross-examination where the witness was thereafter fully examined on the subject.

[2] CRIMINAL LAW (223)—SEPARATION AND EXCLUSION OF WITNESSES. Error cannot be assigned upon a violation of the rule as to the separation of witnesses where no objection was made to the testimony and the prosecutor was not at fault.

[3] SAME (388)—APPEAL—PRESERVATION OF GROUNDS—ARGUMENTS OF COUNSEL. Error cannot be assigned on misconduct of the prosecutor in argument where the statement of facts does not show the misconduct.

Appeal from a judgment of the superior court for King county, Ronald, J., entered March 18, 1926, upon a trial and conviction of larceny. Affirmed.

[1]Reported in 253 Pac. 450.

*Hermon S. Frye (John J. Sullivan,* of counsel), for appellant.

*Ewing D. Colvin* and *Eugene Meacham,* for respondent.

MITCHELL, J.—The appellant was informed against, tried to a jury and convicted of the crime of grand larceny. He has appealed from a judgment and sentence entered on the verdict.

[1] The first assignment of error is that the appellant was unduly limited in certain particulars in the cross-examination of one of the state's witnesses. An examination of the record discloses, however, that the witness was cross-examined in the state's case in chief, or in its rebuttal in those particulars, and made apparently frank answers.

[2] The second assignment of error is that one of the state's witnesses testified after remaining in the court room during the taking of the testimony of other witnesses, contrary to a rule of exclusion of witnesses made earlier in the trial. No objection whatever was made to his testifying on that or any other ground. Again, it does not appear that the prosecuting attorney or the witness was at all at fault in the matter. Under such circumstances, had there been objection the testimony would not have been excluded for the reason now assigned. *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103.

[3] Another assignment of error relates to alleged misconduct of the respondent's attorney in his argument to the jury. We find the record does not contain any settlement or certification of the facts concerning the matter. Hence there is nothing for us to decide on this point.

Lastly, it is contended that the verdict and judg-

ment are contrary to the evidence. There was a decided conflict in the evidence. That on behalf of the state, which we find to be substantial, is entirely sufficient to sustain the conviction. It was clearly a case for the jury. Its verdict being supported by substantial evidence is conclusive upon us as to the facts.

Affirmed.

MACKINTOSH, C. J., MAIN, FULLERTON, and FRENCH, JJ., concur.