[No. 20319.  Department Two.  April 7, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES DIXON, *Appellant*.[1]

[1] RAPE (7)—INDICTMENT (75)—DUPLICITY—SINGLE ACT CON-STITUTING TWO OR MORE OFFENSES. It is proper to join, by separate counts in one information, a charge for forcible rape and a charge of statutory rape of a child under age, where but one act is charged; in view of Rem. Comp. Stat., § 2059 as amended in 1925 [Rem. 1927 Sup., § 2059], authorizing several charges against any person for the same act, or two or more acts of the same class of offenses which may be joined.

[2] SAME (25)—EVIDENCE—COMPLAINTS OF FEMALE—ADMISSIBILITY. In a prosecution for statutory rape, evidence of the father and mother of the prosecutrix of complaints made within an hour after the offense is admissible.

[3] SAME (27)—EVIDENCE—SUFFICIENCY. A conviction of statutory rape is warranted by the direct evidence of the prosecuting witness of the forcible commission of the offense, corroborated

[1]Reported in 255 Pac. 109.

by immediate complaints and the testimony of the examining physician.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered May 17, 1926, upon a trial and conviction of rape. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

PARKER, J.—The defendant, Dixon, was charged by two counts in one information: First, under Rem. Comp. Stat., § 2435 [P. C. § 9107], with the crime of rape, in that he

". . . did wilfully, unlawfully and feloniously perpetrate an act of sexual intercourse with C— M— T—, a female person over the age of ten years, not the wife of said James Dixon, against her will and without her consent, the resistance of the said C— M— T— thereto being forcibly overcome;"

and second, under Rem. Comp. Stat., § 2436 [P. C. § 9108], with the crime of carnal knowledge of a female child, in that he

". . . did wilfully, unlawfully and feloniously carnally know and abuse C— M— T—, a female child of the age of seventeen years, not the wife of said James Dixon."

A trial in the superior court for Snohomish county sitting with a jury resulted in a verdict finding the defendant guilty of rape as charged in the first count. Judgment and sentence being rendered against him upon that verdict, he has appealed therefrom to this court.

[1] It is contended in behalf of appellant that the information erroneously charged him with two separate crimes, not properly chargeable in one information. In so charging appellant, the prosecuting attorney was manifestly proceeding under Rem. Comp. Stat., § 2059

[P. C. § 9272], as amended by ch. 109, Laws of 1925, p. 168, reading, so far as we need here notice its language, as follows:

"When there are several charges against any person, or persons, for the same act . . . or for two or more acts . . . of the same class of crimes or offenses, which may be properly joined, instead of having several indictments or informations the whole may be joined in one indictment, or information, in separate counts. . . ."

The crime of rape with which appellant was charged by the first count is defined by Rem. Comp. Stat., § 2435 [P. C. § 9107], as follows:

· "Rape is an act of sexual intercourse with a female not the wife of the perpetrator committed against her will and without her consent. Every person who shall perpetrate such an act of sexual intercourse with a female of the age of ten years or upwards not his wife; . . .

"(2)   When her resistance is forcibly overcome;

. . .

"Shall be punished by imprisonment in the state penitentiary for not less than five years."

The crime of carnal knowledge of a female child with which appellant was charged by the second count is defined by Rem. Comp. Stat., § 2436 *supra,* as follows:

"Every male person who shall carnally know and abuse any female child under the age of eighteen years, not his wife, . . . shall be punished as follows:

. . .

"(3)   When such child is fifteen and under eighteen years of age, by imprisonment in the state penitentiary for not more than ten years, or by imprisonment in the county jail for not more than one year."

It seems plain to us that these two crimes were properly chargeable by separate counts in one information, since the enactment of the amendment of 1925 above

quoted. This information charges but a single act. The two separate counts charge two separate legal consequences, but not two separate acts. We conclude that so charging appellant was proper, and not prejudicial to his rights.

[2] It is contended in behalf of appellant that the trial court erred to his prejudice in permitting, over his counsel's objection, the father and mother of the prosecuting witness to testify that, immediately upon her return home very soon after the commission of the crime, if any was committed, evidently less than an hour thereafter, she told them that she had been raped. The testimony of the father and mother went no farther than this, they not being permitted to state anything more than that such complaint was then made by the daughter. This testimony, we think, was not erroneously admitted. *State v. Hunter,* 18 Wash. 670, 52 Pac. 247.

[3] It is finally contended in behalf of appellant that the evidence does not support the verdict and judgment. We deem it sufficient to say that we regard the evidence such as to prevent our interference with the judgment upon this ground. There was the direct testimony of the prosecuting witness both as to the act of intercourse and its accomplishment by the defendant by force and against her resistance, corroborated in some measure by the testimony of her parents, as to her complaint to them very soon thereafter, and by the testimony of a physician who examined her soon after the alleged commission of the crime.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, and TOLMAN, JJ., concur.