[No. 21546. Department Two. April 18, 1929.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
COLOTIS *et al., Appellants.*[1]

*Edgar C. Snyder,* for appellants.
*Ewing D. Colvin* and *R. L. Bartling,* for respondent.

PARKER, J.—The defendants, Colotis and Benmoes,
were, by information filed in the superior court for
King county, charged with the crime of being jointists,
in that they conducted and maintained a place for the
unlawful sale of intoxicating liquor in that county.
They each pleaded not guilty, and upon their being
tried together in that court, sitting with a jury, each
was by the jury found guilty, and judgments of con-
viction rendered against them accordingly, from which
they have appealed to this court.

The principal contention here made in behalf of
appellants seems to be that the evidence does not sup-
port the verdicts and judgments, particularly in that

[1]Reported in 276 Pac. 857.

appellants were not maintaining the place in question for the unlawful sale of intoxicating liquor. It is true that the evidence rather plainly indicates that the place in question was maintained and used principally as a restaurant, and it does not appear that either appellant was the proprietor, or acting for the proprietors, of the restaurant business. It does, however, appear from the evidence that appellants were both acting in concert in the unlawful sale of intoxicating liquor there at the time charged, and for a period of at least fifteen days immediately preceding. Actual sales of intoxicating liquor were made by one or the other of appellants at the place on May 13, 14, 15, 17 and 28, under such circumstances as to warrant the jury in believing from the evidence that the other was so intimately connected with each of such sales as to be an actual participant therein. We note that all of these sales were bargained for at the place charged. All of them, save the last one, were consummated by one or the other of the appellants, after the bargaining, going to another building or another room in the same building and bringing the liquor and delivering it to the purchaser at the place charged. The sale proven as occurring on May 28, was not fully consummated by delivery because the attempted delivery at the place charged was intercepted by the officers.

■ The full extent of the control exercised by the appellants over the place is not made certain by the evidence, but the evidence at all events shows their control of the place sufficient for them to freely carry on, without interference by others, the sale of intoxicating liquor there. In other words, appellants were conducting the unlawful sale of intoxicating liquor there as a business. This was enough to render them guilty as jointists, though the principal business of

the place was that of maintaining a restaurant, possibly by some person other than appellants.

When the prosecuting attorney first rested, following the introduction of evidence in behalf of the prosecution, counsel for appellants moved for dismissal for want of sufficient evidence to sustain a conviction. Before the court ruled upon that motion, and before any evidence was offered in behalf of the defense, the prosecuting attorney, then fearing that the evidence might be considered insufficient in one particular, asked leave of the court to present further evidence. This the court granted, over the objection of counsel for appellants, which is now claimed as error prejudicial to the rights of appellants. Clearly, we think the allowing of the prosecution to present further evidence at that stage of the trial was within the discretion of the trial judge, and in the exercise of that discretion he did not abuse it. See *State v. Hogan,* 124 Wash. 449, 214 Pac. 634, and our prior decisions therein cited.

At the beginning of the trial, the court, by order, excluded all prospective witnesses from the courtroom. While counsel were arguing appellants' above noticed motion for dismissal for want of sufficient evidence to sustain a conviction, one of the officers who had testified came into the courtroom, evidently for the purpose of bringing to the prosecuting attorney a paper which it was anticipated might be used in the case. The officer remained a few moments in the courtroom and heard the argument of respective counsel upon the motion, but did not hear any testimony. This occurred without any fault on the part of the prosecuting attorney. When this officer was called to further testify, objection was made by counsel for appellants upon the ground that he had violated the order of the court excluding witnesses. The

trial judge, exercising his discretion, concluded that no prejudice resulted to appellants by allowing the officer to further testify. This was excepted to by counsel for appellants and is now claimed as error to their prejudice.

The matter of exclusion of witnesses during a trial is within the discretion of the trial judge. *State v. Dalton,* 43 Wash. 278, 86 Pac. 590; *State v. Whitfield,* 129 Wash. 134, 224 Pac. 559. Also, the matter of receiving the testimony of a witness who has violated the exclusion order, either purposely or inadvertently, is within the discretion of the trial judge; it being for the most part largely determinable by the fault or want of fault of the party or his counsel in behalf of whom the testimony is offered. *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103; *State v. Ilomaki,* 40 Wash. 629, 82 Pac. 873; *Hendelman v. Kahan,* 50 Wash. 247, 97 Pac. 109. It seems clear to us that the ruling of the trial judge in permitting the officer to further testify was not error to the prejudice of appellants.

So far as can be determined from the record before us, appellants had a fair trial, and the evidence seems to us to fully sustain the verdicts and judgments.

The judgments are affirmed.

MITCHELL, C. J., MAIN, and MILLARD, JJ., concur.

FRENCH, J., concurs in the result.