[No. 22379.  Department One.  January 10, 1931.]

C. W. CASTLEMAN, *Respondent,* v. G. E. SCHIFFNER, *Appellant.*[1]

*Danson, Lowe & Danson,* and *Daniel T. Cross,* for appellant.

*Hamblen & Gilbert (Philip S. Brooke,* of counsel), for respondent.

PARKER, J.—The plaintiff, Castleman, commenced this action in the superior court for Grant county seeking recovery of damages claimed as the result of alleged false and fraudulent representations made to him by the defendant, Schiffner, inducing him to purchase from Schiffner a band of sheep.  A trial upon the merits in that court, sitting with a jury, resulted

[1]Reported in 294 Pac. 983.

in verdict and judgment awarding to Castleman recovery against Schiffner, from which Schiffner has appealed to this court.

On October 21, 1927, Schiffner was the owner of a band of sheep in Grant county. On that day, a contract in writing was entered into for the sale by Schiffner, and the purchase by Castleman, of one thousand and fifteen of the sheep. The terms of the contract, so far as need be here noticed, are as follows:

"It is hereby agreed that first party [Schiffner] will sell One Thousand Head of ewe sheep and fifteen head of buck sheep as follows:

"Thirteen and 50/100 ($13.50) per head for the ewes, and Thirty Dollars ($30.00) per head for the bucks.

"The ewes to be selected from Chute run from a band of 1450 head. . . .

"Second party to have the pick or selection of. Bucks from the band of bucks now owned by first party.

"No gummers to be delivered.

"Terms of sale to be as follows:

"Five Hundred Dollars cash to be paid on or before October 25th, 1927, and a further payment of Nine Thousand Four Hundred Ninety and no/100 Dollars to be paid on November 1st, 1927, and when paid by second party, he to have delivery of sheep.

"Sheep to be delivered on November 1st, 1927, at Lester Friend Ranch, . . .

"Remainder of purchase price to be secured by first mortgage on Two Hundred Sixty ewes and 15 head of bucks, for the sum of Three Thousand Nine Hundred Sixty Dollars, mortgage to be evidenced by a promissory note dated Nov. 1st, 1927, . . ."

On October 25, 1927, Castleman paid to Schiffner five hundred dollars as agreed, and on November 1, 1927, one thousand and fifteen sheep were selected and possession thereof given to Castleman, he at that time paying to Schiffner $9,490, and also giving to Schiffner

a note and mortgage for $3,960, all as agreed. For present purposes, this may be considered as payment being then made by Castleman to Schiffner for the whole of the agreed purchase price, as if then all paid in cash. At that time, Castleman was satisfied with the selection of the one thousand and fifteen sheep. He does not now make any complaint as to the fifteen bucks, this controversy being only as to the one thousand ewes he so acquired.

Castleman's claim of damage in his first cause of action is rested upon alleged false representations made to him by Schiffner that the ewes were mostly two and three years of age, when in fact very few of them were only three years of age or under; some three hundred of them being between four and five years of age, and some six hundred of them being six years of age or more; and that he, Castleman, was by such misrepresentations induced to purchase the ewes at the agreed purchase price and was damaged thereby in the sum of three thousand dollars, in that the ewes were worth that much less than they would have been had they been of the approximate ages represented by Schiffner.

Castleman, in his first cause of action, also claims further damage in the sum of two thousand three hundred dollars as the result of his being so induced to purchase the sheep by Schiffner's false representations above noticed as to the ages of the sheep, by reason of some two hundred sixty of the sheep dying because of their extreme age within a few months after their delivery and thus were in fact worthless.

Castleman in his second cause of action claims further damage in the sum of $216 because of there being among the selected one thousand ewes, unknown to him until after he received them, several so-called "gummers," which were worthless. The verdict of

the jury itemized the award of damages to Castleman as follows: $2,488.50 on the first claim of the first cause of action, $864 on the second claim of the first cause of action, and $148.50 on the second cause of action.

It is first contended in behalf of Schiffner that the evidence does not support any recovery in favor of Castleman, and that the trial court erred in refusing to so decide, as a matter of law, and render judgment accordingly, in response to appropriate timely motions made in that behalf. Our review of the evidence convinces us that the case should not have been so decided. The testimony is in conflict and somewhat involved. We deem it sufficient to say that there is testimony which the jury was warranted in believing as showing that, during the negotiations, Schiffner made false representations to Castleman as claimed, and under such circumstances as to induce Castleman to rely thereon, and that Castleman did rely thereon, to his damage in at least some substantial sum.

It is contended in behalf of Schiffner that he is, in any event, entitled to a new trial because of error of the trial court in admitting in evidence, over his counsel's objection, a chattel mortgage given by Castleman to the Security State Bank of Coulee City on November 1, 1927, upon a portion of the sheep, after the making of the contract and the delivery of the sheep, in which chattel mortgage Castleman described them as "720 head of whiteface Ramboulet and Delain ewes, ages three, four and two years." This statement of Castleman in the chattel mortgage, we think, was clearly inadmissible as evidence in his favor. It may not have been made by him at the time with the intent of being self-serving, but as evidence in this case it manifestly had that effect. The purpose of its introduction plainly was to lend support to

the claim that Castleman then believed the sheep he received were of the "ages three, four and two years." If this be admissible in this case, then a statement of that nature which may have been made by Castleman to a third person would also be proper to be proven by the testimony of such third person. We know of no authority that will support the admissibility of such testimony, under the circumstances here shown. We note in this connection that the question of Castleman's knowledge of the approximate ages of the sheep at the time he received them, apart from representations made by Schiffner, was one of serious moment and a subject of strenuous contest upon the trial.

It is further contended in behalf of Schiffner that he is entitled to a new trial because of error in the trial court in refusing to permit a witness offered in his behalf to testify for him upon the trial. At the commencement of the trial, the court ruled that the witnesses for the respective parties should be excluded from the courtroom during the trial except while each was testifying, respectively. The witness in question had apparently, without fault on his part and clearly without fault on the part of Schiffner or his counsel, been in the courtroom during a considerable portion of the trial while other witnesses were testifying. Apparently, the witness had not become aware of the exclusion rule. When he was called as a witness by counsel for Schiffner, the right to have him testify was challenged by counsel for Castleman, counsel for Schiffner stating, manifestly in good faith, what was expected to be proven by the witness, which was material evidence in the case. Thereafter, following some argument, the court ruled that the witness should not be permitted to testify because of the exclusion rule which had been announced at the beginning of the trial.

It has been stated as a general rule, in substance, that the matter of receiving the testimony of a witness who has violated an exclusion rule is within the discretion of the trial court. This general statement, however, we think, must be applied with great caution when the enforcement of an exclusion rule has the effect of excluding material testimony. When the testimony is admitted by the trial court, there is usually but little room for ever saying there is an abuse of discretion on the part of the trial court; but when the strict enforcement of an exclusion rule has the effect of excluding material evidence, such a ruling of a trial court, we think, is subject to critical inquiry by the appellate court.

In *State v. Lee Doon,* 7 Wash. 308, 34 Pac. 1103, the question was reviewed at some length by this court, and the exclusion of material testimony under an exclusion rule was held to have been an abuse of the trial court's discretion, counsel being without fault. In *State v. Ilomaki,* 40 Wash. 629, 82 Pac. 873, this court refused to interfere with the trial court's discretion which permitted the witness to testify. In *Hendelman v. Kahan,* 50 Wash. 247, 97 Pac. 109, this court again refused to hold that the trial court abused its discretion in allowing such a witness to testify. In *State v. Colotis,* 151 Wash. 557, 276 Pac. 857, this court again refused to hold that the trial court abused its discretion in permitting such a witness to testify. In that case, while recognizing the matter is within the discretion of the trial court, we said:

". . . it being for the most part largely determinable by the fault or want of fault of the party or his counsel in behalf of whom the testimony is offered." 38 Cyc. 1371.

We are of the opinion that the court erred in excluding this witness from testifying.

It is further contended that the trial court erred to the prejudice of Schiffner in giving to the jury its instruction No. 13. This numbered paragraph contained two separate instructions. The exception was to the first, which was clearly correct. The second was not excepted to, which is the one here claimed to be erroneous. That error of the trial court, if it was such, was not called to its attention by appropriate timely exceptions. We therefore are not called upon to consider its correctness here. *Kelley v. Cohen*, 152 Wash. 1, 277 Pac. 74; *Wallin v. Massachusetts Bonding & Ins. Co.*, 152 Wash. 272, 277 Pac. 999; *Beeson Brothers v. Chambers*, 155 Wash. 564, 285 Pac. 433.

We conclude that the judgment must be reversed and Schiffner awarded a new trial. It is so ordered.

MITCHELL, C. J., MAIN, TOLMAN, and HOLCOMB, JJ., concur.