[No. 8273-6–I. Division One. August 3, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. VALERIE
YVONNE FLETCHER, ET AL, *Defendants,*
CALVIN ANTHONY, *Appellant.*

*Berkey & Kooistra* and *Brad Kooistra,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Lang, Deputy,* for respondent.

JAMES, C.J.—Defendant, Calvin Anthony, appeals his conviction at jury trial of attempted theft in the second degree. RCW 9A.28.020, RCW 9A.56.040. We affirm.

On August 3, 1979, Tukwila police arrested Anthony based on information provided by security personnel in stores at Tacoma Mall and Southcenter. Tacoma Mall security personnel first observed two women attempting to shoplift merchandise. As store personnel approached the suspects, the women dropped the concealed merchandise and left the store. Anthony was seen in the store area, and one of the women appeared to nod at him. Anthony left the Tacoma Mall in a blue Thunderbird automobile with the women. Tacoma Mall security personnel contacted other area stores to report the presence of suspected professional

shoplifters in the area. They gave other stores a description of the suspects and car.

A short time later, security personnel at the Southcenter shopping complex observed two women matching the description received from Tacoma Mall personnel. Southcenter personnel placed the two women under surveillance, saw them leave one store and enter a car matching the description broadcast from Tacoma. The two women later entered a second store, while Anthony was observed in the automobile maintaining a position close to the exit of the second store. Anthony at one point left the car and went to the entryway of the store where he appeared to use the phone and look for the two women. While they were in the store, the two women were observed going into a fitting room and emerging after apparently concealing merchandise under their dresses. Later, the women removed the merchandise before exiting the store.

The Southcenter security personnel contacted Tukwila police and relayed information based on their own observations and the report from the Tacoma Mall. Tukwila officers went to Southcenter and observed the women exit the store and enter the car driven by Anthony. The officers then arrested the three individuals.

Anthony first contends that his arrest was unlawful. We do not agree.

The officers had probable cause to arrest for the offense of attempted theft in the second degree, a gross misdemeanor. RCW 9A.28.020, RCW 9A.56.040. Because the crime involved "the unlawful taking of property," the arrest was justified under RCW 10.31.100(1). The statute provides that an officer may arrest based on probable cause. *See State v. Teuber*, 19 Wn. App. 651, 577 P.2d 147 (1978) (arrest for malicious destruction of property not committed in the officer's presence).

Probable cause has been defined as

a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty.

*State v. Todd,* 78 Wn.2d 362, 365, 474 P.2d 542 (1970). Under all the facts and circumstances, the police had a reasonable belief that Anthony had been involved in the commission of the crime.

Anthony next contends the trial judge erroneously granted the State relief from its pretrial stipulation not to use his custodial statements at trial. We do not agree.

The State originally planned to try Anthony and the two women arrested with him in the same proceeding. *See* CrR 4.3(b). Because Anthony's statements implicated the two women in the shoplifting scheme, they moved for severance pursuant to CrR 4.4(c)(1). In accordance with the criminal rules and to avoid severance, the State at a pretrial hearing stipulated pursuant to CrR 4.4(c)(1)(i) that it would not use Anthony's statements at trial. Immediately prior to trial, however, the two women codefendants pleaded guilty. The trial judge concluded that the changed circumstances warranted granting the State relief from its stipulation.

■ This court has stated:

A trial court has discretion to relieve a party from a stipulation when it is shown that relief is necessary to prevent injustice and the granting of the relief will not place the adverse party at a disadvantage by having acted in reliance upon the stipulation.

*Baird v. Baird,* 6 Wn. App. 587, 590, 494 P.2d 1387 (1972). In this case, Anthony makes no attempt to show prejudice. The trial judge was within his discretion in allowing the vacation of the stipulation.

Anthony next contends that the trial judge erroneously allowed the State to introduce evidence of unrelated criminal conduct. We do not agree.

■ Anthony objects to evidence regarding his conduct at the Tacoma Mall, as well as custodial statements evidencing the existence of a professional shoplifting ring. Washington follows the general rule that evidence of other misconduct is normally inadmissible. *See* ER 404(b); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952). Evidence of uncharged misconduct, however, may be admissible to show

"preparation, plan, [or] knowledge, . . ." ER 404(b). As the court stated in *State v. Irving,* 24 Wn. App. 370, 373, 601 P.2d 954 (1979):

> The concept of a common scheme, plan (or design), requires that the former act or acts should indicate, by common features, a scheme, plan, or design which tends to show that the scheme, plan, or design was carried out by doing the act charged. 2 J. Wigmore, *Evidence* § 357, at 266 (3d ed. 1940). In other words, evidence of other offenses is sometimes admissible to prove a common plan or scheme embracing the commission of several crimes, of which that charged is a part.

The trial judge correctly allowed the State to introduce evidence showing the existence of a professional shoplifting ring because it was relevant to show that Anthony was knowingly involved in the attempted theft. Relevancy of evidence is a matter within the trial judge's discretion. We find no abuse of discretion.

We finally consider Anthony's contention that the trial judge drew undue attention to the evidence of unrelated acts of misconduct by instructing the jury that the evidence was admitted for a limited purpose. We do not agree.

■ The situation in this case is similar to an issue considered by the United States Supreme Court in *Lakeside v. Oregon,* 435 U.S. 333, 55 L. Ed. 2d 319, 98 S. Ct. 1091 (1978). In *Lakeside,* the defendant objected to the trial judge's instructing the jury that his failure to testify could not be considered in determining the question of guilt or innocence. Oregon law provided that a defendant had an absolute right to such an instruction upon request. The court concluded that a cautionary instruction given over the defense objection did not violate the defendant's constitutional rights. In Washington, a defendant has a right to an instruction limiting the purpose of *Goebel* evidence upon request. *See State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970). The instruction limiting the effect of the evidence, even though given over his objection, did not violate Anthony's rights.

We have considered Anthony's remaining contentions and find them without merit.

Affirmed.

CALLOW and ANDERSEN, JJ., concur.

Reconsideration denied September 10, 1981.

Review denied by Supreme Court December 17, 1981.