# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74924-2-I |
| Respondent, | ) ) | DIVISION ONE |
| v. | ) ) | |
| GEORGE SAVANAH, | ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: November 13, 2017 |

SPEARMAN, J. — The trial court has discretion to admit or exclude evidence. We review evidentiary decisions for abuse of discretion and will only reverse if the decision of the trial court is manifestly unreasonable. George Savanah appeals his conviction for two counts of third degree rape of a child and two counts of first degree incest. He contends the trial court erred in admitting hearsay and opinion evidence. But because the trial court's decision to admit the evidence was not manifestly unreasonable, we reject Savanah's arguments. We also reject Savanah's contentions that he received ineffective assistance of counsel and that the court failed to properly instruct the jury.

We accept the State's concession, however, that the court improperly imposed a curfew as a condition of community custody. We affirm Savanah's convictions but remand for the sentencing court to strike the improper condition.

## FACTS

After Savanah's daughter, R,[1] disclosed that she had been sexually abused, the State charged Savanah with four domestic violence sex offenses. At trial, R testified at length to the abuse. R stated that Savanah raped her for the first time when she was 14 years old. She recounted sexual abuse that continued for the next seven years.

R testified that she became pregnant three times, when she was 14, 16, and 17 years old. In each case, Savanah took her to Planned Parenthood for an abortion. Records from Planned Parenthood confirmed that Savanah took R to the clinics for the procedures.

R stated that, at some point, Savanah became suspicious that his brother, Carl,[2] was having sex with R. In April 2014, Savanah's extended family gathered at his home for Easter. Later that night, Savanah became convinced that R went to Carl's room and had sex with him. Savanah angrily ordered R to go to his bedroom and undress. R went to Savanah's bedroom but refused to have sex with him. R testified that Savanah knocked her glasses off and hit her arms and thighs.

R stated that, the next day, she talked to her aunt, Janet. R told Janet that Savanah had hit her and she was afraid to go home. Janet arranged for R to stay with a friend. Over the next few weeks, Janet was supportive of R but also

---

[1] We refer to the victim by the initial "R" to protect her privacy.

[2] We refer to members of Savanah's family by their first names for clarity. We intend no disrespect.

encouraged her to reconcile with her father. While R was on a brief trip to Ocean Shores, she spoke with Janet on the phone. Janet again encouraged R to sit down and talk with Savanah. R began to cry, told Janet she could not do that, and disclosed the sexual abuse. On her way home from Ocean Shores, R also disclosed the abuse to her friends Janiece and Juana.[3]

Janet testified that she called a family meeting to confront Savanah with R's allegations and get to the truth. Janet stated that Savanah did not directly respond to the question of whether he had sex with R. Savanah suggested that Carl was the one who had been abusing R. He also told the family that R was "not innocent in this." Verbatim Report of Proceedings (VRP) at 252-53.

Janet described Savanah as "defensive" during the meeting. Id. at 252. She stated that she tried to shield R from Savanah's gaze because "he can have a very intimidating look." Id. at 252. Janet stated that the family was "creating a hedge between him and [R] to let her know that her family was supporting her in these allegations." Id. at 253.

The jury convicted Savanah of two counts of third degree rape of a child and two counts of incest. He appeals.

### DISCUSSION

Savanah contends that the trial court erred in admitting hearsay and opinion testimony. We review the trial court's evidentiary decisions for abuse of discretion. State v. Neal, 144 Wn.2d 600, 609, 30 P.3d 1255 (2001) (citing State

---

[3] We follow the parties' usage in referring to R's friends by their first names.

v. Bourgeois, 133 Wn.2d 389, 399, 945 P.2d 1120 (1997)). The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. Id. (citing State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)). A decision is manifestly unreasonable if it "'adopts a view that no reasonable person would take.'" Salas v. Hi-Tech Erectors, 168 Wn.2d 664, 669, 230 P.3d 583 (2010) (quoting In re Pers. Restraint of Duncan, 167 Wn.2d 398, 402-03, 219 P.3d 666 (2009)).

Savanah first asserts that the trial court erred in admitting hearsay under the fact of complaint rule. The fact of complaint rule allows the State to present evidence that the victim complained to someone after the abuse. State v. Ferguson, 100 Wn.2d 131, 135, 667 P.2d 68 (1983) (citing State v. Goebel, 40 Wn.2d 18, 25, 240 P.2d 251 (1952)). "The rule admits only such evidence as will establish that the complaint was timely made." Id. It does not permit testimony concerning details of the complaint, the identity of the offender, or the nature of the abuse. Id. (citing State v. Murley, 35 Wn.2d 233, 237, 212 P.2d 801 (1949)).

In this case, the State moved pretrial to admit evidence that R told Janet, Janiece, and Juana she had been sexually abused. The trial court granted the motion over Savanah's objection. At trial, Janet testified that R told her over the phone that she had been sexually assaulted. Janiece and Juana both testified that, during the drive home from Ocean Shores, R told them she had been sexually assaulted. They each stated only that R disclosed sexual abuse and did not relate details of the allegations or who R said assaulted her.

4

Savanah contends that the trial court abused its discretion in admitting this evidence.[4] He asserts that R's complaints to Janet, Janiece, and Juana were not timely made, as required by the fact of complaint rule.[5] Savanah contends that the fact of complaint rule is like the excited utterance exception, which admits statements "made while the declarant was under the stress of excitement caused by the event or condition." ER 803(a)(2). Savanah provides no support for this proposition. The authority he does cite clearly states that the fact of complaint is admissible, not because the complaint was made under the stress of the event, but "to show that the conduct of the prosecuting witness was consistent with her testimony, and to rebut any inference that might arise from silence or concealment. . . ." State v. Griffin, 43 Wash. 591, 598, 86 P. 951 (1906).

Next, Savanah appears to contend that this case is like Griffin and State v. Chenoweth, 188 Wn. App. 521, 354 P.3d 13, rev. denied, 184 Wn.2d 1023, 361 P.3d 747 (2015), cases in which the victim's complaints were not timely. But the cases are distinguishable. In Griffin, the complaints of sexual abuse were made six months after the last assault. Griffin, 43 Wash. at 598. In Chenoweth, the

---

[4] The State asserts that Savanah failed to object to the evidence at trial and thus failed to preserve the claimed error. But Savanah objected during pretrial motions. Where a party has argued against a motion in limine and the trial court has made a final ruling, the party losing the motion has a standing objection. State v. Kelly, 102 Wn.2d 188, 193, 685 P.2d 564 (1984).

[5] We reject the State's argument that a showing of timeliness is no longer required under the fact of complaint rule. The State's reliance on Murley for this proposition is misplaced. The issue in Murley was whether certain testimony was properly admitted as a prior consistent statement. Thus, any discussion of the fact of complaint rule was dicta. Moreover, subsequent cases from our Supreme Court have reiterated the timeliness requirement. See Ferguson, 100 Wn.2d at 135-36 ("[t]he rule admits only such evidence as will establish that the complaint was timely made"). See also Chenoweth, 188 Wn. App. at 532-33 (rejecting the State's argument that timeliness is no longer required).

complaints were made a year after the assault. Chenoweth, 188 Wn. App. at 531. In this case, the complaints were made a few weeks after the last attempted assault, far closer to the incident than in Griffin or Chenoweth. The trial court did not abuse its discretion in finding that the complaints were timely made.

But even if the trial court erred, the error was harmless. Evidentiary error is harmless unless there is a reasonable probability that, if the error had not occurred, the outcome of the trial would have been different. Neal, 144 Wn.2d at 611. To assess whether this was the case, we exclude the erroneous evidence and construe the remaining evidence in the light most favorable to the prosecution. Id.

In this case, R testified at length to sexual abuse that lasted seven years and resulted in three terminated pregnancies. Janet, Janiece, and Juana each testified that R disclosed she had been sexually abused. The fact of complaint evidence is of minor significance in relation to the evidence as a whole. Any error was harmless.

Savanah next asserts that the trial court erred in admitting improper opinion testimony. He objects to Janet's statement that, at the family meeting, the family supported R in her allegations. Savanah raises this argument for the first time on appeal.

A witness may not express a personal belief as to the guilt of the defendant. State v. Montgomery, 163 Wn.2d 577, 591, 183 P.3d 267 (2008) (citing State v. Demery, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001)). Whether testimony is an impermissible opinion on guilt depends on the circumstances of

6

the case, including the nature of the witness, the testimony, the charges, the defense, and other evidence before the court. Id. Opinions are more likely to be impermissible if they explicitly express a belief of guilt or quote a legal standard. Id. (citations omitted). Opinions by police officers carry an "'aura of reliability'" and require particular scrutiny. Id. (quoting Demery, 144 Wn.2d at 765).

Where the defendant did not object below, he may only raise an error on appeal if it is manifest constitutional error. State v. Kirkman, 159 Wn.2d 918, 934, 155 P.3d 125 (2007) (citing State v. Scott, 110 Wn.2d 682, 687-88, 757, P.2d 492 (1988)). "'Manifest'" requires a showing of actual prejudice. Id. (quoting State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001)). Improper opinion testimony is only reviewable as a manifest constitutional error if the witness made "an explicit or almost explicit statement on an ultimate issue of fact. . . ." Id. at 936.

In this case, Janet testified that, during the family meeting, Savanah was "defensive" and stated that R was "not innocent in this." VRP (01/06/16) at 252-53. Janet stated that she tried to shield R from Savanah's gaze because "he can have a very intimidating look." Id. at 252. She testified that the family was "creating a hedge between [Savanah] and [R] to let her know that her family was supporting her in these allegations." Id. at 253.

Savanah asserts that this testimony amounted to an opinion that he was guilty. He contends that, although the jury was properly instructed that it was the sole judge of credibility, the jury was likely swayed by Janet's opinion. Savanah asserts that he may raise this challenge for the first time on appeal because admitting the evidence amounted to manifest constitutional error. We disagree.

Janet's testimony that the family "was supporting" R was not an explicit statement of belief in Savanah's guilt. Janet did not parrot a legal standard and she held no position of authority that gave her testimony a particular aura of reliability. Savanah fails to show that the evidence was error or that, if erroneous, the evidence likely affected the outcome of the trial.

Savanah asserts, however, this this case is like State v. Johnson, 152 Wn. App. 924, 219 P.3d 958 (2009). In that case, the defendant was charged with child molestation. Id. at 928. At trial, the defendant's wife testified on his behalf. Id. at 932. In rebuttal, the victim and her parents each testified to a specific conversation with the wife. Id. at 932-33. The victim and her parents testified that, when the victim disclosed knowledge of intimate details about the defendant, the wife burst into tears, said the allegations must be true, and apologized for not believing the victim. The State's theory was that the evidence was permissible to assist the jury in determining credibility. Id. at 933. We rejected this argument because the wife's opinion was collateral and not a proper subject for impeachment. Id. The testimony was highly prejudicial and had little if any evidentiary value. Id. We held that the improper testimony was manifest constitutional error that could be raised for the first time on appeal. Id. at 934.

Johnson is of no help to Savanah. In that case, the defendant demonstrated manifest constitutional error because the testimony was improper impeachment that included explicit hearsay statements expressing the wife's belief that the defendant was guilty. The statements in this case were not hearsay, did not explicitly express an opinion as to guilt, and were not elicited

improperly. Savanah fails to show that the alleged error was manifest constitutional error that may be raised for the first time on appeal.

Alternatively, Savanah asserts that he received ineffective assistance of counsel because his attorney failed to object to Janet's testimony. We reject this attempt to overcome the lack of objection. To prevail in a claim of ineffective assistance of counsel, Savanah must prove that counsel's performance was deficient and resulted in prejudice. In re Personal Restraint of Hutchison, 147 Wn.2d 197, 206, 53 P.3d 17 (2002) (citing State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). We apply a strong presumption that counsel's performance was effective. Id. Savanah's failure to establish prejudice as part of his evidentiary challenge is fatal to his ineffective assistance of counsel claim. And, because the challenged evidence was not an impermissible opinion on guilt, Savanah's counsel was not deficient in failing to object.

Next, Savanah contends that the trial court violated his right to a fair trial and unanimous verdict by failing to explicitly instruct the jury that it must deliberate only when all twelve jurors are present. Because Savanah did not object to the jury instructions below, he may only raise the alleged error here if he demonstrates actual prejudice. Kirkman, 159 Wn.2d at 934. Savanah points to nothing in the record suggesting that the jury ever deliberated without all jurors being present. The alleged error is not manifest.[6]

---

[6] We also reject Savanah's assertion that cumulative error requires reversal in this case. The cumulative error doctrine recognizes that the accumulation of errors may warrant reversal, even though each error individually may be considered harmless. State v. Weber, 159 Wn.2d 252, 279, 149 P.3d 646 (2006) (citing State v. Greiff, 141 Wn.2d 910, 929, 10 P.3d 390 (2000)). Because Savanah fails to show error, the doctrine is inapplicable.

Next, Savanah contends that the sentencing court erred in imposing as a condition of community custody Special Condition 7, a 10:00 p.m. – 5:00 a.m. curfew. We accept the State's concession that this condition is improper because it bears no relation to the circumstances of Savanah's offense. We remand to strike the curfew as a condition of community custody.

Savanah raises further challenges in a statement of additional grounds. He asserts that the trial court erroneously admitted the records from Planned Parenthood and unspecified hearsay statements. He contends that the trial court erroneously excluded unspecified defense witnesses. He also contends that the judge admitted evidence in Savanah's second trial that was suppressed in his first trial.[7] Because Savanah did not object below, he may only raise the claims here if they are manifest constitutional error that resulted in actual prejudice. Kirkman, 159 Wn.2d at 934.

Savanah fails to identify a ground for excluding the records from Planned Parenthood and he fails to identify the other challenged evidence. He makes no showing of prejudice due to the allegedly improper evidence. Savanah fails to show that his evidentiary challenges are manifest constitutional error that may be raised for the first time on appeal.

Savanah also appears to assert that he received ineffective assistance of counsel because his attorney failed to call unspecified witnesses for the defense. Savanah points to nothing in the record supporting this claim. He fails to show

---

[7] Savanah's first trial resulted in a hung jury.

10

that counsel's performance was deficient and resulted in prejudice. <u>McFarland</u>, 127 Wn.2d at 335 (citations omitted).

Affirmed and remanded to strike the improper condition of community custody.[8]

WE CONCUR:

Spearman, J.

Trickey, ACJ

Becker, J

---

[8] Because the State declines to seek an award of appellate costs in this matter, (<u>see</u> Brief of Respondent at 37), we do not address Savanah's request that costs not be imposed.